## ALAMO CAS. CO.  v.  RIZK et al.

### No. 12578.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 18, 1953.

Rehearing Denied Dec. 16, 1953.

Hubert W. Green, Hubert W. Green, Jr., Glosserman & Pfeil, San Antonio, for appellant.

W. Pat Camp, Sidney D. Callender, San Antonio, for appellees.

NORVELL, Justice.

The appellee Helen L. Rizk recovered a judgment of $3,262.50 ($1,381.25 overtime, $1,381.25 penalty, and $500 attorney's fees) against appellant, Alamo Casualty Company, under and by virtue of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et·seq.

In submitting the case to the jury, the court defined "overtime" as being "time worked in excess of 40 hours per workweek at the direction of the employer, or for the use and benefit of the employer and with the employer's consent and knowledge." The term "workweek" was defined as being "a fixed and regularly recurring period of 168 hours—7 consecutive 24-hour periods," which "need not coincide with the calendar week but may begin on any day or any hour of the day." By special issues, the court inquired as to three different periods of time, first, from June 21, 1950 (the date upon which the bar of limitation pleaded by appellant ceased to be effective), to August 31, 1950, inclusive; second, from September 1, 1950, to December 31, 1950, inclusive, and third, from January 1, 1951, to February 28, 1951, inclusive. The jury found that the appellee had worked a total of 625 hours overtime, as that term was defined in the charge, that is, 200 hours for the first period, 340 hours for the second period and 85 hours for the third period. The periods of time inquired about were continuous, but three inquiries, instead of one, were submitted, as the trial judge in his discretion deemed such practice preferable, because of certain differences in the evidence applicable to the various periods. (Such differences are not necessarily found in appellee's personal testimony.)

Appellant complains of the trial court's submission of the case, saying that the "only proper basis for recovery is the fact of definite overtime hours worked within a given workweek, (and) the proof is fatally defective in that no regular recurring workweek or weeks was shown." The effect of the trial court's issues submitted to the jury was to inquire as to the number of hours appellee had worked in excess of 40 hours per week for the periods of time mentioned. This seems inescapable from a reading of the definitions of "overtime" and "workweek" given. The fact that the periods of time stated were not exactly devisable into seven-day periods does not change the situation. The court could have submitted each of the weeks involved separately, but this would have been cumbersome and, under the evidence, was not required. As to the method of submitting a case, some discretion is vested in the trial judge and in our opinion that discretion was not abused. Neither do we regard the proof as being defective in the particular here urged by appellant.

Appellant also asserts that the evidence is both legally and factually insufficient to support the jury's findings. In this case the employer (appellant) introduced no complete and suitable records showing the hours worked by Mrs. Rizk and the evidence strongly indicates that it had none. Under these circumstances the employee's burden is to prove that he had in fact performed work for which he was improperly compensated and to produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."

We hold that appellee has met that burden. She testified repeatedly that during each of the weeks for which she sued she had worked a minimum of 20 hours over the 40-hour standard week. On cross-examination, she testified to certain matters, such as taking a vacation, made up of absences from work for short periods (one or two days) extending over two or more

weeks, which would tend to show that as to a few weeks of her course of employment, her estimate of 20 hours overtime was excessive. On the other hand, she testified that on certain weeks her overtime was greatly in excess of 20 hours. The particular weeks were not definitely designated, as appellee testified that for the greater part of the period of time involved, she had no records. Some vagueness and uncertainty of detail, or even inconsistency of statement, cannot operate to deprive appellee of her statutory right to overtime. Appellee was entitled to go to the jury and, in our opinion, the evidence produced supports the jury's findings.

This case is controlled by an Act of Congress, and we regard the decision of the United States Supreme Court in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515, as controlling. The Supreme Court, in reversing the Circuit Court of Appeals, 6 Cir., 149 F.2d 461, said:

"But we believe that the Circuit Court of appeals, as well as the master, imposed upon the employees an improper standard of proof, a standard that has the practical effect of impairing many of the benefits of the Fair Labor Standards Act. An employee who brings suit under § 16 (b) of the Act for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated. The remedial nature of this statute and the great public policy which it embodies, however, militate against making that burden an impossible hurdle for the employee. Due regard must be given to the fact that it is the employer who has the duty under § 11 (c) of the Act [29 U.S.C.A. § 211 (c)] to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the employee to meet in carrying out his burden of proof.

"When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records. But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises. The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. See Note, 43 Col.L.Rev. 355."

The judgment of the trial court is affirmed.